## MAJOR *v.* BREWSTER.

1. APPEAL AND ERROR—QUESTIONS CONSIDERED—IMMATERIAL INSTRUCTIONS.

> Whether an instruction which the verdict shows the jury had no occasion to apply was correct will not be considered on error.

2. ESTOPPEL—CLAIMANT OF ATTACHED PROPERTY—ACTS NOT MISLEADING.

> Where an administrator notified the sheriff that property he had attached belonged to his intestate, and presented an affidavit to that effect at the hearing at which the order of sale was made, and the officer believed that the property belonged to the attachment defendant, the facts that the administrator, acting in his individual capacity, posted a notice of the sale, and attended it and bid in some of the property, do not estop him from maintaining an action as administrator against the sheriff for its value.

3. TRIAL—INSTRUCTIONS—NECESSITY OF REQUESTS.

> In trover for the value of property attached and sold as the property of one who had previously transferred it to plaintiff's intestate, it is not error to fail to charge upon the burden of proof in case the transfer was without consideration, in the absence of a request presenting that question.

4. SAME—ARGUMENT OF COUNSEL.

> Where, in an action for the value of property attached and sold as the property of one who had previously transferred it to plaintiff's intestate, defendant calls a witness who testifies that he was a creditor of the attachment defendant and investigated his financial condition, it is not prejudicial for plaintiff's counsel to state in argument that witness " did not proceed with any such proceedings as we find in this case."

Error to Oakland; Smith, J. Submitted January 17, 1907. (Docket No. 51.) Decided July 1, 1907.

Trover by Densmore Major, administrator of the estate of Dorcas Major, deceased, against William A. Brewster. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Aaron Perry* and *George E. Eckert*, for appellant.

*William T. Hosner* and *Peter B. Bromley*, for appellee.

CARPENTER, J.   Plaintiff brings this suit in trover to recover the value of certain live stock and farming implements which defendant, the sheriff of Oakland county, seized, and, by order of court, sold, under a writ of attachment against George Major, the plaintiff's father and the husband of plaintiff's intestate.   The undisputed testimony proves that some time before the attachment was levied said George Major transferred the property in question to his wife, Dorcas.   Defendant contended that this transfer was fraudulent.   This issue was submitted to the jury, who rendered a verdict in plaintiff's favor.   We are asked to reverse the judgment entered upon said verdict for several reasons.

1. The court charged the jury that a small portion of the property in controversy was exempt property, and that, as to this, their verdict should be in plaintiff's favor, even though the property was fraudulently transferred.   Defendant contends that this portion of the charge was erroneous, and that plaintiff was not entitled to recover at all if the property was fraudulently transferred.   In the view we take of the case, it is unnecessary to consider this contention.   The verdict of the jury was for the full value of the property transferred, and not merely for the portion which was exempt.   Such a verdict they could render only upon the ground that the property was not fraudulently transferred.   We must assume that the verdict was rendered upon that ground, and therefore that the jury found that the property was not fraudulently transferred.   *N. & M. Friedman Co.* v. *Assurance Co.*, 133 Mich. 212.   It therefore follows that the jury had no occasion to apply that portion of the charge under discussion, and whether it was correct or not need not be determined.

2. It is contended that the trial court erred in refusing

to permit the jury to find the plaintiff was estopped from maintaining this action.    The facts upon which the claim of estoppel rests are these:  The plaintiff, after his appointment as special administrator of his mother's estate, though acting in his individual capacity, posted a notice of the sale of the property in question.   He attended that sale, and bid upon and purchased some of the articles sold.   Before this, however, he had formally notified defendant that the property in question belonged to his mother's estate, and an affidavit to that effect, signed and sworn to by him, was presented at the hearing when the order for said sale was made.   The principle of estoppel is inapplicable, unless it can be said that defendant would not have made the sale except for the deceptive conduct of plaintiff.   The record proves the contrary.   Defendant was fully indemnified by the plaintiff in the attachment suit, and defendant's deputy, who conducted the sale, and who had full charge of the attachment levy, testified:

"I had my conclusions all the time in talking with Densmore Major that the property attached belonged to his father.   I talked that to him, and I thought so all the time."

Under these circumstances it is impossible to believe that the conduct of plaintiff misled defendant; and therefore the principle of estoppel is inapplicable.

3. Defendant says in his brief:

"If the bill of sale was without consideration, it was presumptively fraudulent, and the burden was on plaintiff to show that sufficient property was left, or other reasons why the bill should stand.   The charge of the court leaves the burden of proof on defendant, even if the jury should find the bill of sale was without consideration."

I think this complaint is based upon an erroneous construction of the charge.   In fairness it must be said that the charge does not inform the jury upon whom the burden of proof rests under the circumstances above set forth.   Nor did defendant prefer any request covering

this subject; and it would require considerable credulity to believe that such a request would have been of service to the jury. In its absence, it was not error for the court to say nothing upon the subject. *Anderson Carriage Co. v. Pungs*, 134 Mich. 474.

4. In his argument to the jury, plaintiff's counsel stated that Mr. Flummerfelt (a witness for the defendant who testified that he was a creditor of George Major and investigated his financial condition) "did not proceed with any such proceedings as we find in this case." It is urged that this statement was prejudicial and constitutes reversible error. We decide otherwise.

Judgment affirmed.

MCALVAY, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.